**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DESTINY SAMUELS, et al.,

                       Plaintiff,

        - against -

ELRAC, INC.,

                       Defendant.
------------------------------------------------------------X

**ORDER**

CV 06-5345 (NG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Shaneequa Samuels, acting on behalf of herself as well as her infant daughter Destiny Samuels ("Samuels") filed this personal injury action against defendant Elrac Inc., doing business as Enterprise Rent A Car ("Enterprise") in the Supreme Court of the State of New York, County of Kings, on August 31, 2006. *See* Docket Entry ("DE") 1 (including, among other documents, the defendant's Notice to Federal Court of Removal of Civil Action From State Court ("Notice"), and the plaintiffs' Verified Complaint ("Complaint")). On September 29, 2006, Enterprise filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that Enterprise has not satisfied its burden of establishing that this court has original jurisdiction, and in particular has failed to sufficiently demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

      A.     <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must "promptly" examine it. *Id*. § 1446(c)(4). "If it clearly appears

on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as in this case, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, it must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden "of proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994). A federal court considering the propriety of such a removal should first look to the allegations of the complaint and then to the notice of removal to determine whether the amount in controversy requirement is met. *See Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957).

B. The Effects Of New York's Procedural Law On Removal To Federal Court

Samuels' complaint does not specify the amount of damages being sought, and for good reason: New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury action like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, after giving a brief description of the source of the infant plaintiff's injury – specifically, the Complaint alleges that she "was punctured by a hypodermic needle" that was within the car her mother rented from Enterprise, Complaint ¶ 11 – the Complaint uses boilerplate language to assert only that the infant plaintiff and her mother both sustained certain injuries and that the resulting damages to each plaintiff exceed the relevant jurisdictional limit of the lower courts. *See* Complaint ¶¶ 17,

2

20-22, 24, 26-27, 29-30, 33-34. The jurisdictional requirement to which the plaintiffs refer is no more than $25,000. *See* N.Y. Const., art. VI.

In describing the infant plaintiff's injuries, the Complaint's most specific allegation is that she

> sustained physical and psychological injuries, mental anguish, emotional distress, personal injuries, pain and suffering, loss of enjoyment of life, diminished abilities with school work with further resulting damages; diminished enhancement [sic] of employment possibilities; and required and will continue to require medical aid and attention in an effort to heal such injuries; she was confined to bed and home as a result thereof and was unable to attend to her usual duties and upon information an belief all of her injuries are of a permanent nature.

Complaint ¶ 26. The pleading uses virtually identical language to described the harm to the adult plaintiff, although it replaces references to the child's school work and employment possibilities with a reference to the cost of providing care. Complaint ¶ 29. The Complaint also alleges that the infant plaintiff sustained harm that falls within the scope of two statutory definitions of New York law, neither of which refers to any specific monetary threshold. *See* Complaint ¶¶ 20, 21 (citing N.Y. Ins. Law §§ 5102, 5104).

Although I can infer from the various allegations that the Samuels may seek a substantial recovery if she can establish Enterprise's liability, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001))).

The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "the matter in controversy exceeds the sum of $75,000.00,

3

exclusive of interest and costs[.]" Notice at 1. Such pleading cannot satisfy the removing party's burden to establish the amount in controversy. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05). As there is no other evidence in the record, Enterprise has not met its burden of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum.

Enterprise is not without recourse. The same state law provision that prohibited the Samuels from including an allegation in their complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Enterprise can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock,* 2004 WL 1574663, at *2).

Nor is Enterprise prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see*

4

*DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

      C.      <u>The Propriety Of Summary Remand</u>

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. Requiring Enterprise to seek supplemental information under state law before attempting to remove the case places no meaningful burden on it that it will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, Enterprise will need to find out the extent of the damages that Samuels and her daughter claim to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If it learns that the Samuels seek damages in excess of $75,000, Enterprise may return the case to this court and the Samuels will have to bear the burdens associated with that removal. On the other hand, if it turns out to be the case that the Samuels do not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that was never properly before it. *DeMarco*, 2006 WL 463504, at *2.

Finally, assuming that this case must be summarily remanded, there remains the question whether I can enter such an order consistent with the limitations of a magistrate judge's authority

5

under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

    D.    <u>Conclusion</u>

For the reasons set forth above, I order that this case be remanded to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**

Dated: Brooklyn, New York
       October 5, 2006

                                        <u>/s/ James Orenstein</u>
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge